IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA BOTANIC GARDENS, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALMARK PRODUCTS, INC, )<br>d/b/a VITALMAX VITAMINS, )<br>an Unincorporated Organization )<br>)<br>Defendants )<br>) | Civil Action No.: 2:15-cv-00457 |

## COMPLAINT

Plaintiff, INDIANA BOTANIC GARDENS, INC. (hereafter sometimes "INDIANA BOTANIC") for its complaint against Defendant, ALMARK PRODUCTS, INC., (hereafter sometimes "ALMARK") alleges:

## PARTIES

1. Plaintiff, INDIANA BOTANIC, is a corporation organized under the laws of Indiana, with its principal place of business located at 3401 West 37th Avenue, Hobart, Indiana, 46342.

2. Defendant, ALMARK PRODUCTS, INC. ("ALMARK") is, on information and belief, a Limited Liability Company organized and existing under the laws of Florida with a place of business located at 104 NE 4th Ave. Delray Beach, Florida 33483

2. Defendant VITALMAX VITAMINS, ("VITALMAX") is, on information and belief, an n Unincorporated Organization a place of business at Bridgeport, CT 06673-7108.

## JURISDICTION AND VENUE

3. This action is for Federal trademark infringement, unfair competition and false designation of origin involving claims arising under the Trademark Act of the United States

1

commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq. state trademark infringement, injury to business reputation and dilution, deceptive trade practices, deceptive business practices and unfair competition under the laws of the State of Indiana.

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

5. Venue properly lies within the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred by virtue of the sale and offer for sale of infringing goods in Indiana and a substantial part of property that is the subject of the action is the property of INDIANA BOTANIC.

6. Personal jurisdiction is proper over ALMARK and VITALMAX by virtue of the sale and offering for sale of infringing goods and sale of goods in Indiana, through means of, but not limited to, websites that advertise the infringing goods nationwide, without any geographical limitation, communications regarding those potential sales and actual sales including electronic communications to Indiana, inclusion in said websites means for ordering from and shipping to Indiana, and the consummation of sales including, but not limited to, sales to purchasers in Indiana and shipment of infringing goods to those purchasers.

7. INDIANA BOTANIC has, for many years, been engaged in processing, packaging and otherwise selling variety of herbal products in this District, in the United States and internationally and INDIANA BOTANIC's property is substantially located in this District.

8. For many years INDIANA BOTANIC has sold under its mark ACCU HEAR nutritional supplement products sold at retail and in traditional mail order and electronic media expending advertising and promotional efforts and incurring advertising and promotional expenses in support of said mark and has exclusively used the mark in commerce.

9. INDIANA BOTANIC owns US Reg. No. 3010289 for nutritional supplements, which is incontestable. INDIANA BOTANIC has also established common law rights in ACCU HEAR for a nutritional supplement product. A copy of the registration is attached as Exhibit 1. A copy of INDIANA BOTANTIC's web page offering for sale ACCU HEAR is attached as Exhibit 2.

10. By reason of INDIANA BOTANIC's use, promotion and dissemination of its goods, its mark ACCU HEAR the mark has acquired recognition, and the relevant trade and public has come to recognize such marks as signifying INDIANA BOTANIC. Through this use and promotion and due to the favorable recognition of ACCU HEAR the mark has become recognized as a designation of origin for nutritional supplement products.

11. Notwithstanding Plaintiff's prior established rights in its mark ACCU HEAR ALMARK and VITALMAX commenced the production, labeling, sale and offering for sale of ACCU-HEAR nutritional supplement.

12. Images of the parties' products are shown below:

 

       Indiana Botanic       Almark - Vitalmax

13. ACCU-HEAR nutritional supplement is sold and offered for sale under circumstances which cause a likelihood of confusion, mistake or deception of a not insignificant

number of prospective purchasers into believing that there is some affiliation, association or common source of sponsorship with INDIANA BOTANIC and INDIANA BOTANIC'S ACCU HEAR.

14. Persons familiar with INDIANA BOTANIC's ACCU HEAR mark and business are likely to be confused, mistaken and/or to be deceived upon seeing ALMARK and VITALMAX's use of ACCU-HEAR and are therefore likely to believe that ALMARK's business is endorsed by, sponsored by, or emanates from, or in some way is connected with INDIANA BOTANIC or with the mark ACCU HEAR.

15. INDIANA BOTANIC will be unable to police the nature and quality of goods sold by ALMARK and VITALMAX under the problematic mark at issue or of variations thereof. The sale or offer for sale by ALMARK and VITALMAX of products or services, and the receipt of funds solicited under the mark ACCU-HEAR will also blur and diminish the distinctive quality of INDIANA BOTANIC'S mark ACCU HEAR, the and lessen its capacity to identify and distinguish the products and services of INDIANA BOTANIC.

16. Use by ALMARK and VITALMAX of the mark ACCU-HEAR is without INDIANA BOTANIC's consent or permission.

17. Upon information and belief, ALMARK, with knowledge of Plaintiff's mark ACCU HEAR in willful disregard of INDIANA BOTANIC's rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with INDIANA BOTANIC' marks, domain name and content.

18. ALMARK and VITALMAX have, on information and belief, intentionally and willfully attempted to trade upon the goodwill of INDIANA BOTANIC.

19. ALMARK and VITALMAX's use of a mark, name or content which is confusingly similar to INDIANA BOTANIC' the mark ACCU HEAR will irreparably harm Plaintiff by diminishing the reputation and goodwill of INDIANA BOTANICs ACCU HEAR

20. The public association of the mark ACCU HEAR with INDIANA BOTANIC' products is sufficiently great that the use by another of the mark at issue under the circumstances at issue for ALMARK and VITALMAX'S products or proposed products will inevitably cause the trade or consumers to believe that it is produced, authorized, licensed, or sponsored by INDIANA BOTANIC or that it is somehow connected with INDIANA BOTANIC.

## COUNT I

### (Federal Trademark Infringement)

21. INDIANA BOTANIC realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 20 hereof as if set forth in full.

22. ALMARK and VITALMAX's unauthorized use in commerce of the mark ACCU-HEAR, with respect to ALMARK and VITALMAX's product sales and offers for sale is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of INDIANA BOTANIC' registered trademark under 15 U.S.C. §1114.

23. ALMARK and VITALMAX have used and is continuing to use the mark ACCU-HEAR, with full knowledge of INDIANA BOTANIC' prior rights and with the intent and purpose to trade upon the goodwill of INDIANA BOTANIC' marks, therefore ALMARK and VITALMAX'S infringement is thus willful and deliberate.

## COUNT II

### (Unfair Competition Under Federal Law)

24. INDIANA BOTANIC realleges and incorporates herein by this reference the allegations contained in paragraphs 1- 20, 22 and 23 of this Complaint as if set forth in full.

25. ALMARK and VITALMAX's unauthorized use in commerce of the mark ACCU-HEAR constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that ALMARK and VITALMAX and its goods are made or produced, sold and offered for sale by INDIANA BOTANIC or are otherwise affiliated, connected, or associated with, or sponsored or approved by INDIANA BOTANIC and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125 (a).

26. ALMARK and VITALMAX's use in commerce of the mark ACCU-HEAR in connection with ALMARK and VITALMAX's marketing, distribution, promotion and sale to the consuming public of its goods constitutes a misappropriation of the distinguishing and identifying features which INDIANA BOTANIC created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to ALMARK and VITALMAX, based on and derived from INDIANA BOTANIC' marks INDIANA BOTANIC and the goodwill associated therein.

27. ALMARK and VITALMAX's use of the mark ACCU-HEAR constitutes false representations that ALMARK and VITALMAX have some connection or association with, or sponsorship by INDIANA BOTANIC, and that the products and deliveries of products identified with INDIANA BOTANIC are available from and will be performed by ALMARK and VITALMAX.

28. Said actions of ALMARK and VITALMAX constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that ALMARK and VITALMAX causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

29. ALMARK and VITALMAX have used and is continuing to use the mark ACCU-HEAR or variations thereof with full knowledge of INDIANA BOTANIC' rights, and based upon information and belief, said actions by ALMARK and VITALMAX are with an intent and purpose to trade upon the goodwill of INDIANA BOTANIC's ACCU HEAR. ALMARK and VITALMAX'S infringement is thus willful and deliberate.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF INDIANA BOTANIC prays for judgment as follows:

1. ALMARK and VITALMAX, their its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them (hereafter collectively "ALMARK" be enjoined and restrained from:

    a. using the ACCU-HEAR trademark or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine ACCU HEAR product or not authorized by INDIANA BOTANIC to be sold or offered for sale in connection with the ACCU HEAR trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine INDIANA BOTANIC Product or any other product produced by INDIANA BOTANIC, that is not INDIANA BOTANIC' or not produced under the authorization, control or supervision of INDIANA BOTANIC and

approved by INDIANA BOTANIC for sale under the INDIANA BOTANIC Trademarks;

c. committing any acts calculated to cause customers or potential customers to believe that ALMARK's products are those sold or offered for under the authorization, control or supervision of INDIANA BOTANIC, or are sponsored by, approved by, or otherwise connected with INDIANA BOTANIC;

d. infringing any INDIANA BOTANIC trademarks and damaging INDIANA BOTANIC's goodwill;

e. otherwise competing unfairly with INDIANA BOTANIC;

f. deceiving customers or prospective customers in any manner;

g. copying, displaying, publishing, distributing any work that is substantially similar to the content of the INDIANA BOTANIC website or derived therefrom;

h. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for INDIANA BOTANIC, nor authorized by INDIANA BOTANIC to be sold or offered for sale, and which bear any of the INDIANA BOTANIC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2. That INDIANA BOTANIC be awarded the profits secured by ALMARK and VITALMAX as a result of its unlawful activities, and that said award be trebled as provided by law or in the alternative that INDIANA BOTANIC be awarded statutory

damages in an amount determined by the Court for willful use of an infringing or counterfeit mark.

3. That INDIANA BOTANIC be awarded punitive and exemplary damages in such amount as the Court shall find sufficient to deter ALMARK'S willful unlawful conduct.

4. That INDIANA BOTANIC be awarded its costs incurred in this action, including its reasonable attorneys' fees.

10. That ALMARK be required to file with this Court and serve upon Plaintiff within ten (10) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of ALMARK's compliance with the Court's order.

11. That INDIANA BOTANIC have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

By: *David C. Brezina*

One of Plaintiff's attorneys

David C. Brezina
Boris Umansky
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Indiana 60604
(312) 427-1300